Tucker, Richard T., J.
This breach of contract action arises out of a claim by plaintiff Sam Stein (“Stein”) for bonus and severance payments under the Management Incentive Plan Agreement that he entered into with defendant LXU Healthcare, Inc. *513 (“LXU"). Here, Stein moves for summary judgment against LXU and defendant Integra Lifesciences Corporation (“Integra”), the company that acquired LXU. LXU and Integra (collectively, “the defendants”) have filed a cross motion for summary judgment. After a hearing and for the following reasons, Stein’s motion for summary judgment is DENIED, and the defendants’ cross motion for summary judgment is DENIED.
BACKGROUND
Stein was the Vice President and General Manager of Luxtec, Inc. (“Luxtec”), a subsidiary of LXU. In this capacity, Stein received direct reports from the Human Resources Manager, Accounting Manager, Product Director, Vice President of International Sales & Marketing, OEM Sales Manager, Quality Assurance Manager, Vice President of Engineering, Director of Manufacturing, and Director of Materials. He convened weekly meetings that eight of these nine managers attended. Stein, in turn, reported directly to Joe Potenza, the Chief Executive Officer of LXU.
On May 7, 2007, LXU merged into Integra. On that day, Stein and LXU entered into a Management Incentive Plan Agreement (“the Agreement”). The Agreement entitled Stein to a bonus payment if he resigned prior to May 7, 2008 as a result of “good reason.” As used, “good reason” included the assignment of “duties and responsibilities . . . representing] a material change and diminution in scope of Employee’s responsibilities so as to reasonably constitute a demotion or substantial change in working conditions . . .”
Following the merger, LXU’s formal structure gradually changed. There is some dispute regarding the precise result of this change. Stein contends that ultimately only two senior staff positions reported directly to him; the formal flow chart that details the reporting relationships at Luxtec indicates that four positions reported directly to him; and the defendants claim that the employees occupying all nine positions effectively continued reporting to him on a day-to-day basis. On March 25,2008, Stein sent aletter announcing his resignation, effective April 30, 2008.
DISCUSSION
Here, Stein moves for summary judgment against the defendants, arguing that he resigned for good reason as a matter of law because the direct reports that he received diminished after the merger. The defendants have filed a cross motion for summaiy judgment, arguing that the alleged diminution in the number of direct reports does not show a breach of the contractual terms as a matter of law. Moreover, the defendants argue, Stein cannot prove good reason for his resignation.
Stein has not shown that he resigned for good reason as a matter of law. Even assuming that fewer people reported directly to Stein after the merger, the applicability of the good reason clause depends on whether the change and diminution in the scope of his responsibilities was “material” and “reasonably constitute [d] a demotion or substantial change in working conditions.” As such, the issue here is whether there was a material breach on the part of the defendants, a question of fact for the jury to decide. Sterling Research, Inc. v. Pietrobono, 2005 U.S. Dist. LEXIS 31267 at *31 (D.Mass. 2005), citing Proziuski v. Northeast Real Estate Sucs., LLC, 59 Mass.App.Ct. 599, 610 (2003); DiPietro v. Sipex Corp., 69 Mass.App.Ct. 29, 38 (2007). The parties disagree on how many positions reported directly to Stein after the merger; Stein contends that only two people continued reporting, while the defendants argue that there was no change at all. Thus, the materiality of any breach of the contract terms remains at issue, and summary judgment is inappropriate for any party.
ORDER
It is hereby ORDERED that the motion for summaiy judgment by Sam Stein is DENIED, and that the cross-motion for summary judgment by LXU Healthcare, Inc. and Integra Lifesciences Corporation is DENIED.